IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

JAMES R. WOELFEL,

    Petitioner,

vs.

JERRY BURT, Warden, Anamosa State Penitentiary,

    Respondent.

No. C06-2009

**REPORT AND RECOMMENDATION**

**TABLE OF CONTENTS**

I.    *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.   *PRIOR PROCEEDINGS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.  *RELEVANT FACTS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.  *STANDARDS OF REVIEW* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    A.    *Standard of Review under 28 U.S.C. § 2254(d)(1)* . . . . . . . . . . . . 6
    B.    *Standard of Review under 28 U.S.C. § 2254(d)(2)* . . . . . . . . . . . . 8
    C.    *Exhaustion Requirement* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

V.   *DISCUSSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
    A.    *Exhaustion Issue* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
    B.    *Ineffective Assistance of Counsel* . . . . . . . . . . . . . . . . . . . . . . 12
    C.    *Double Jeopardy* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

VI.  *CERTIFICATE OF APPEALABILITY* . . . . . . . . . . . . . . . . . . . . . . 18

VII. *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

VIII. *RECOMMENDATION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

## I. INTRODUCTION

On the 22nd day of June, 2007, this matter came on for telephonic oral argument on the Petition (docket number 1) filed on February 2, 2006. Petitioner James R. Woelfel appeared and was represented by his attorney, Rockne O. Cole. The Respondent was represented by Assistant Attorney General Thomas William Andrews.

## II. PRIOR PROCEEDINGS

On September 2, 1999, James R. Woelfel was charged by Trial Information in the Iowa District Court with two counts of sexual abuse in the third degree, in violation of Iowa Code section 709.4. *See State of Iowa v. James R. Woelfel*, No. FECR087587 (Black Hawk County Dist. Ct. 2001). On December 13, 2000, after a jury had been selected, but prior to the commencement of evidence, Woelfel entered pleas of guilty to both counts. On March 2, 2001, Woelfel was sentenced to serve an indeterminate prison term not to exceed ten years on each count, with the sentences to run consecutively. Woelfel appealed.

On February 20, 2002, the Iowa Court of Appeals affirmed Woelfel's Judgment and Sentence. *See State v. Woelfel*, 2002 WL571666 (Iowa Ct. App. 2002). Woelfel's request for further review was denied by the Iowa Supreme Court on May 24, 2002.

On April 15, 2003, Woelfel filed an application for post-conviction relief in the Iowa District Court, pursuant to Chapter 822 of the Code of Iowa. *See James R. Woelfel v. State of Iowa*, No. PCCV090886 (Black Hawk County Dist. Ct. 2004). Following hearing, the Court entered an order on August 23, 2004, denying Woelfel's Petition for Post-Conviction Relief. Woelfel appealed.

Woelfel's first attorney on appeal withdrew at Woelfel's request. Woelfel's second attorney on appeal also filed a motion to withdraw, indicating that "he in good conscience cannot pursue this appeal after diligent investigation." The Iowa Supreme Court granted second counsel's Motion to Withdraw and further "conclude[d that] the applicant's appeal

is frivolous." *See James Woelfel v. State of Iowa*, No. 04-1489 (Iowa 2005). Accordingly, on December 20, 2005, the post-conviction appeal was dismissed.

On February 2, 2006, Woelfel filed the instant Petition (docket number 1) pursuant to 28 U.S.C. § 2254. On May 22, 2007, this case was referred to the undersigned Magistrate Judge for a Report and Recommendation. *See* Order (docket number 26).

### III. RELEVANT FACTS

On December 13, 2000, Woelfel entered an *Alford* plea to two counts of sexual abuse in the third degree.[1] At that time, both parties agreed that the Minutes of Testimony would serve as the factual basis for Woelfel's pleas of guilty.[2] The minutes describe the events in the following way:

On July 4, 1999, Woelfel was vacationing with his girlfriend, Leann Nelson, and Nelson's 14-year-old daughter ("SP") at the home of Nelson's mother in Waterloo, Iowa. The three went to bed around midnight. SP slept on the floor of Nelson's bedroom. At approximately 1:30 a.m., Woelfel woke SP by kicking her and telling her to get up. The two left the grandmother's home and went out for a drive. Woelfel drove SP to a gas station, where he purchased beer. He provided beer and marijuana to SP during the drive. At some point, Woelfel got the truck stuck in a ditch. He and SP went to a nearby farmhouse and sought assistance from a farmer, who came out and helped pull the truck from the ditch.

Woelfel and SP continued driving after that, and they eventually stopped along a gravel road. Woelfel and SP went onto the roof of the truck, where Woelfel kissed SP and told her to remove her shirt and bra. After she removed the two items, Woelfel fondled

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

[2] Pursuant to his *Alford* plea, however, Woelfel does not admit the Minutes of Testimony accurately describe the events of July 4 and 5, 1999.

3

her. He then forced her to perform oral sex on him. Additionally, he digitally penetrated her vagina, causing vaginal tears and bleeding.

Following the incident, Woelfel gave SP a piece of paper with his name and two phone numbers written on it. They drove back to the grandmother's house and returned at 5:30 a.m. Nelson woke up around this time and saw Woelfel, fully clothed, walking into the bedroom. He told her that he had taken her daughter out cow-tipping. SP did not say anything to her mother.

When SP returned to her father and step-mother following the visitation with her mother, she reported what happened. Her parents contacted local law enforcement in Bartlett, Illinois, who then contacted the Waterloo Police Department.

On August 9, 1999, Woelfel was arrested for the criminal offense of sexual abuse in the third degree. He was taken into custody in Streamwood, Illinois, and later extradited to Black Hawk County, where he remained in custody until he was released on bond on April 12, 2000.

While in custody at the Black Hawk County Jail, Woelfel described the assault to a fellow inmate, Charles Whitley. In a statement to the Waterloo Police Department, Whitley reported that Woelfel told him that he made a fourteen year old girl give him head. Woelfel also told Whitley that "he didn't remember [if he raped the girl] but he must of because she had tear marks on her pussy." According to Whitley, Woelfel told him he was going to get two, ten-year sentences. "He said one was because of the blow job, and the other was because he fucked her."

## IV. STANDARDS OF REVIEW

"A state prisoner may seek a writ of habeas corpus in federal court if his [or her] confinement violates the federal Constitution or federal law." *Weaver v. Bowersox*, 241 F.3d 1024, 1029 (8th Cir. 2001) (citing 28 U.S.C. § 2254(a)). "Federal courts are 'bound

by the AEDPA[3] to exercise only limited and deferential review of underlying state court decisions' in habeas corpus cases." *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004) (quoting *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004)); *see also* 28 U.S.C. § 2254.[4] Federal habeas corpus relief may only be granted if one or both of two conditions is satisfied. *Ryan*, 387 F.3d at 790. These two conditions are set forth in 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Thus, "[28 U.S.C. §] 2254(d) distinguishes between two types of erroneous decisions—those of law and those of fact—and treats each in separate subparagraphs." *Weaver*, 241 F.3d at 1029. Claims of legal error are governed by the first subparagraph, and claims of factual error fall within the second subparagraph. *Id.* at 1029-30.

---

[3] AEDPA is an acronym for the Antiterrorism and Effective Death Penalty Act.

[4] AEDPA amended the federal habeas corpus statute, 28 U.S.C. § 2254, in 1996. *See Williams v. Taylor*, 529 U.S. 362, 399, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). The amendment "placed a new restriction on the power of federal courts to grant writs of habeas corpus to state prisoners." *Id.*; *see also Bell v. Cone*, 535 U.S. 685, 693, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002) ("The [AEDPA] of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law.").

### A. *Standard of Review under 28 U.S.C. § 2254(d)(1)*

"A federal court may grant a state habeas petitioner relief for a claim that was adjudicated on the merits in state court only if that adjudication 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16, 124 S. Ct. 7, 157 L. Ed. 2d 263 (2003) (per curiam) (quoting 28 U.S.C. § 2254(d)(1)); *accord Jeremiah v. Kemna*, 370 F.3d 806, 809 (8th Cir. 2004). The Supreme Court's opinion in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000), explains the meaning of those statutory concepts and the degree of deference that must be afforded to state court determinations on the merits. *See Bucklew v. Luebbers*, 436 F.3d 1010, 1015-16 (8th Cir. 2006); *Siers v. Weber*, 259 F.3d 969, 972-73 (8th Cir. 2001).

Under *Williams*, a state court decision can be "contrary to" Supreme Court precedent in one of two ways: (1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or (2) "if the state court confronts [a set of] facts that are materially indistinguishable from a [decision of the Supreme Court] and [nevertheless] arrives at a result [different from that precedent]." *Williams*, 529 U.S. at 405-06; *see also Bucklew*, 436 F.3d at 1016 (discussing the "contrary to" prong of *Williams*). Further, "the [statutory] phrase 'clearly established Federal law, as determined by the Supreme Court of the United States' . . . refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412.

An "unreasonable application" of Supreme Court precedent can also arise in one of two ways. The Supreme Court explained:

> First, a state-court decision involves an unreasonable application of [the Supreme Court's] precedent if the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court

6

> decision also involves an unreasonable application of [the Supreme Court's] precedent if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Id.* at 407 (citation omitted). Thus, where a state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case," that decision "certainly would qualify as a decision 'involving an unreasonable application of . . . clearly established federal law.'" *Id.* at 407-08; *see also Rompilla v. Beard*, 545 U.S. 374, 380, 125 S. Ct. 2456, 162 L. Ed. 2d 360 (2005) (citations omitted) (discussing the "unreasonable application" prong of *Williams*); *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003) (citations omitted) (same); *Bucklew*, 436 F.3d at 1016 (citations omitted) (same); *James v. Bowersox*, 187 F.3d 866, 869 (8th Cir. 1999) ("An 'unreasonable application' is one that, 'evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent.' *Long v. Humphrey*, 184 F.3d 758, [760] (8th Cir. 1999)"). Additionally,

> [u]nder [28 U.S.C.] § 2254(d)(1)'s 'unreasonable application' clause, . . . a federal habeas [corpus] court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be *unreasonable*.

*Williams*, 529 U.S. at 411 (emphasis added).

Applying these standards to the present case, the court's inquiry must be whether the Iowa courts reached a decision contrary to that reached by the Supreme Court on a question of law, or alternatively, whether the Iowa courts correctly identified the applicable principles of federal law and then unreasonably applied that law to the facts of Johnson's claims. *See, e.g. Rousan v. Roper*, 436 F.3d 951, 955-56 (8th Cir. 2006) (discussing the applicable standards); *Bucklew*, 436 F.3d at 1016 (same); *Siers*, 259 F.3d at 973 (same).

7

### B. Standard of Review under 28 U.S.C. § 2254(d)(2)

Federal habeas corpus relief "may be granted on a claim adjudicated in state court if the state court proceeding 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Beck v. Bowersox*, 257 F.3d 900, 901 (8th Cir. 2001) (quoting 28 U.S.C. § 2254(d)(2)). The state court findings of fact are presumed to be correct. *Id.* (citing 28 U.S.C. § 2254(e)(1)).[5] The burden is on the applicant to rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Accordingly, the court's review presumes that the Iowa courts found the facts correctly unless Johnson rebuts that presumption with clear and convincing evidence. *See id.*; *see also Middleton v. Roper*, 455 F.3d 838, 845 (8th Cir. 2006) ("[The court] bestow[s] a presumption of correctness on the factual findings of the state courts, and absent procedural error, [the court] may set such findings aside only if they are not fairly supported by the record." (quotation and citation omitted)); *Weaver*, 241 F.3d at 1030 ("[O]n habeas [corpus] review, we accord state trial courts broad latitude in determining questions of fact by virtue of the statutory presumption in favor of state court fact-findings . . ."). "It bears repeating that even erroneous fact-finding by the [state] courts will not justify granting a writ if those courts erred 'reasonably.'" *Weaver*, 241 F.3d at 1030.

### C. Exhaustion Requirement

An applicant, before obtaining federal habeas corpus review of his or her state confinement, must first "exhaust" his or her federal claims in the appropriate state forum.

---

[5] 28 U.S.C. § 2254(e)(1) provides:
> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

8

28 U.S.C. § 2254(b)(1);[6] *see also Coleman v. Thompson*, 501 U.S. 722, 731, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (citations omitted) ("[A] state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."); *Clay v. Norris*, 485 F.3d 1037, 1039 (8th Cir. 2007) (same, quoting *Coleman*). An applicant has exhausted his or her state remedies when he or she has provided the highest state court with a full and fair opportunity to consider all the claims before presenting them to the federal court. *Vasquez v. Hillery*, 474 U.S. 254, 257, 106 S. Ct. 617, 88 L. Ed. 2d 598 (1986); *Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982); *Picard v. Connor*, 404 U.S. 270, 276, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Miller v. Lock*, 108 F.3d 868, 871 (8th Cir. 1997); *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993); *McDougald v. Lockhart*, 942 F.2d 508, 510 (8th Cir. 1991); *see also* 28 U.S.C. § 2254(c).[7] In Iowa, exhaustion requires an applicant to seek discretionary review from the Iowa Supreme Court after the Iowa Court of Appeals rejects an appeal argument. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48, 119 S. Ct.

---

[6] 28 U.S.C. § 2254(b)(1) provides:
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
> (A) the applicant has exhausted the remedies available in the courts of the State, or
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

[7] 28 U.S.C. § 2254(c) provides:
> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he [or she] has the right under the law of the State to raise, by any available procedure, the question presented.

9

1728, 144 L. Ed. 2d 1 (1999) (abrogating *Dolny v. Erickson*, 32 F.3d 381 (8th Cir. 1994)); *Randolph v. Kemna*, 276 F.3d 401, 403 (8th Cir. 2002).

In order to satisfy the fair presentment component of the exhaustion requirement, an applicant must: "'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" *Middleton*, 455 F.3d at 855 (quoting *Abdullah v. Groose*, 75 F.3d 408, 412 (8th Cir. 1996)); *see also Ashker*, 5 F.3d at 1179. A claim is not fairly presented to the state courts unless the same factual grounds and legal theories asserted in the applicant's federal habeas corpus application have been properly raised in his or her state court proceedings. *Keithley v. Hopkins*, 43 F.3d 1216, 1217 (8th Cir. 1995); *Flieger v. Delo*, 16 F.3d 878, 884 (8th Cir. 1994); *see also Harless*, 459 U.S. at 6 ("[T]he habeas petitioner must have 'fairly presented' to the state courts the 'substance' of his [or her] federal habeas corpus claim."); *Picard*, 404 U.S. at 276 (an applicant is required to "present the state courts with the same claim he [or she] urges upon the federal courts."); *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999) ("Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement.").

"[The] exhaustion of state remedies requires that petitioners 'fairly preset' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam) (quotations omitted; citing *Picard*, 404 U.S. at 275). If an applicant has not fully presented his or her federal claims in state court, the claims are barred in federal court and must be dismissed, unless the applicant can either show both good cause for his or her failure to present the claims in state court and actual prejudice as a result of the alleged constitutional violation or demonstrate that failure to review the claim would result in a fundamental miscarriage of

justice. *Coleman*, 501 U.S. at 750; *Keithley*, 43 F.3d at 1218; *Maynard v. Lockhart*, 981 F.2d 981, 984 (8th Cir. 1992); *Stanley v. Lockhart*, 941 F.2d 707, 709 (8th Cir. 1991).

## V. DISCUSSION

In the instant action, Woelfel asserts two arguments: (1) a violation of the Sixth Amendment occurred because his attorney failed to file a motion for a bill of particulars and notify him of a potential double jeopardy violation; and (2) a violation of the Fifth Amendment occurred because his two convictions for third-degree sexual assault are duplicitous and violate double jeopardy. However, before moving on to the merits of Woelfel's claim, this Court will address the procedural issue presented by the Petition.

### A. Exhaustion Issue

Woelfel asserts that Respondent has waived its opportunity to assert procedural default or non-exhaustion issues by failing to raise them in its response to Woelfel's Petition. Respondent asserts in its merits brief (docket number 23) that Woelfel did not fully exhaust the double jeopardy grounds for his ineffective assistance of counsel claim.[8]

---

[8] Woelfel's initial counsel for the post-conviction appeal, Attorney John Billingsley, moved to withdraw as appellate counsel. Attorney Billingsley accompanied his motion to withdraw as appellate counsel with a supporting brief pursuant to Iowa Rule of Appellate Procedure 6.104. Attorney Billingsley indicated that Woelfel requested replacement counsel. The record is unclear as to what happened next. However, it appears that the Iowa Supreme Court allowed Attorney Billingsley to withdraw and then appointed Attorney John W. Hofmeyer III to represent Woelfel. Approximately two months after his appointment, Attorney Hofmeyer decided to withdraw as Woelfel's attorney. Attorney Hofmeyer adopted Attorney Billingley's supporting brief as his own. In addition, however, he raised the constitutional issue of double jeopardy in a paragraph which he appended to Attorney Billingsley's brief. Attorney Hofmeyer asserted that "[because both sex acts between Woelfel and SP] happened at one time, the finger penetration and oral sex could be considered one sex act." He argued that "for double jeopardy purposes, one sexual encounter with one victim should be one crime." (Hofmeyer's Brief in Support of Motion to Withdraw at 3.) The Iowa Supreme Court granted Attorney Hofmeyer's motion to withdraw as appellate counsel without commenting on the double jeopardy issue.

11

During oral arguments held before this Court on June 28, 2007, however, Respondent waived its procedural argument.

When the State fails to raise an issue of procedural default, or when it expressly waives such an issue pursuant to 28 U.S.C. § 2254(b)(3), a court still has "discretion to consider an issue of procedural default *sua sponte*." *King v. Kemna,* 266 F.3d 816, 822 (8th Cir. 2001) (emphasis added); *see also Granberry v. Greer,* 481 U.S. 129, 134, 107 S. Ct. 1671, 1675, 95 L. Ed. 2d 119, 125 (1987) ("The court should determine whether the interests of comity and federalism will be better served by addressing the merits forthwith or by requiring a series of additional . . . proceedings before reviewing the merits of the petitioner's claim."). Additionally, in certain instances, a court may bypass a procedural issue and elect to review the merits of a case. *See Barrett v. Acevedo,* 169 F.3d 1155, 1162 (8th Cir. 1999). 28 U.S.C. § 2254(b)(2) provides: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."

This case presents a complicated procedural issue. As Woelfel raised his double jeopardy claim as an apparent afterthought to a brief supporting a motion to withdraw by counsel, it seems doubtful that Woelfel's claim was "fairly presented" to the state courts. However, Respondent expressly waived its procedural argument. Therefore, I believe that Woelfel's claim is not procedurally defaulted. The Court recommends that the District Court proceed to the substantive merits of Woelfel's claim.

### B. *Ineffective Assistance of Counsel*

Woelfel argues that counsel for his guilty plea provided ineffective assistance because he failed to file a motion for a bill of particulars. Woelfel argues that the trial information was too vague to properly notify him of the possibility that he might be subjected to a double jeopardy violation. Woelfel asserts that had his attorney filed a motion for a bill of particulars, the Iowa District Court would have granted the motion and

he would have been made aware that he was potentially being charged twice for one sexual course of conduct.

The standard of sufficiency for an indictment or trial information is set forth in *Russell v. United States*, 369 U.S. 749, 82 S. Ct. 1038, 8 L. Ed. 2d 240 (1962). *Russell* provides two criteria for measuring an indictment's sufficiency: "first, whether the indictment contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, secondly, in case any other proceedings are taken against him for a similar [offense], whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." *Russell*, 369 U.S. at 763-64 (quotations and citations omitted). Woelfel asserts that the trial information charging him neither fully apprised him of the bases for the charges nor protected him against the risk of double jeopardy. Thus, Woelfel argues that his attorney had a duty to file a motion for a bill of particulars in order to clarify the charges against him.

The Sixth Amendment right to counsel exists "in order to protect the fundamental right to a fair trial." *Strickland v. Washington* 466 U.S. 668, 684, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Thus, "the right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial." *United States v. Cronic*, 466 U.S. 648, 658, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984). A criminal defendant also has the right to the effective assistance of counsel on direct appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 482, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000) (citing *Penson v. Ohio*, 488 U.S. 75, 88-89, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988)); *Rogers v. United States*, 1 F.3d 697, 700 (8th Cir. 1993) ("'A criminal defendant is entitled to effective assistance of counsel on first appeal as of right.' *Estes v. United States*, 883 F.2d 645, 648 (8th Cir. 1989)."). Furthermore, "[a]bsent some effect of challenged conduct on the reliability of the . . . process, the Sixth Amendment guarantee is generally not implicated." *Cronic*, 466 U.S. at 658 (citations omitted).

In order to establish a claim of ineffective assistance of counsel, Woelfel must show that (1) the performance of his trial counsel and appellate counsel was constitutionally deficient, which requires a showing that his counsel's performance fell below an objective standard of reasonableness, and (2) the deficiency in his counsel's performance resulted in prejudice to his defense. *Strickland*, 466 U.S. at 687; *see also Wiggins*, 539 U.S. at 521; *Link v. Luebbers*, 469 F.3d 1197, 1202 (8th Cir. 2006); *Winfield v. Roper*, 460 F.3d 1026, 1033 (8th Cir. 2006); *Middleton*, 455 F.3d at 846. If Johnson makes an insufficient showing on one of the two components, the court is not required to address the other component. *Strickland*, 466 U.S. at 697.

The performance inquiry requires a determination of whether counsel's assistance was "reasonable considering all of the circumstances." *Strickland*, 466 U.S. at 688. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Therefore, a strong presumption exists that counsel's conduct "falls within the wide range of reasonable professional assistance." *Id.*; *see also Link*, 469 F.3d at 1202 (discussing the presumption); *Middleton*, 455 F.3d at 846 (same). Thus, "the defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986) (citation omitted).

Under the prejudice prong, Woelfel must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *see also Winfield*, 460 F.3d at 1033 (discussing the prejudice prong). "A reasonable probability, is a probability sufficient to undermine confidence in the outcome." *Id.* However, the prejudice determination is not only concerned with the outcome of the trial or appeal, but also with a determination of whether

14

Case 6:06-cv-02009-LRR   Document 32   Filed 08/15/07   Page 14 of 20

the result of the proceeding was fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 368-70, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him [or her]." *Id.* at 372.[9] The court must consider the totality of the evidence when making the prejudice determination. *Strickland*, 466 U.S. at 695.

The purpose of a bill of particulars is to provide a more specific statement of the charges filed against a defendant. *State v. Bowers*, 656 N.W.2d 349, 353 (Iowa 2002) (citing *State v. Conner*, 241 N.W.2d 447, 452 (Iowa 1976)). "A bill of particulars should be allowed when the charge and minutes do not inform the defendant of the specific acts of which [he or] she is accused." *Id.* at 353-54 (citing *Conner*, 241 N.W.2d at 452). "While a bill of particulars cannot save an otherwise invalid indictment [or trial information], it can cure deficiencies as to form." *United States v. Helmel*, 769 F.2d 1306, 1322 (8th Cir. 1985) (citing *Russell*, 369 U.S. at 770). However, in determining the right of an accused to a bill of particulars, "trial courts have discretion in determining the adequacy of an indictment or information in the light of the minutes attached." *State v. Lass*, 228 N.W.2d 758, 765 (Iowa 1975) (citations omitted).

The trial information filed against Woelfel charged him with two identical counts of sexual abuse in the third degree in violation of Iowa Code section 709.4. According to the indictment, "Woelfel, on or about the 5th day of July, 1999, in Black Hawk County, Iowa, did: Commit sexual abuse upon [SP], a person 14 years of age and the defendant is five or more years older than the person." This trial information was filed on September 2, 1999. The State attached the Minutes of Testimony to the trial information. Included in the Minutes of Testimony were the following: list of witnesses, including the victim; a

---

[9] In a concurring opinion, Justice O'Connor pointed out that the decision in *Lockhart* "will, in the vast majority of cases, have no effect on the prejudice inquiry under *Strickland*." *Lockhart*, 506 U.S. at 373 (concurrence).

15

Case 6:06-cv-02009-LRR   Document 32   Filed 08/15/07   Page 15 of 20

series of investigative reports from the Waterloo Police Department; several voluntary statements given to the Waterloo Police Department; a narrative report from the Black Hawk County Sheriff's Office; a medical examination report from St. Luke's Hospital's Child Protection Center; and Crime Laboratory Supplements from the Waterloo Police Department.[10] Waterloo Police Officer J. Duggan's report dated July 9, 1999 includes SP's description of the two acts that form the basis of the charges: "She said that he fondled her and also digitally penetrated her. She said Woelfel forced her to perform oral sex on him."[11]

The two third degree sexual abuse charges contained in the trial information coupled with the Minutes of Testimony attached to the trial information were sufficient to inform Woelfel of the two specific sexual acts which formed the basis for the two charges of third degree sexual abuse. Therefore, Woelfel's attorney was not objectively unreasonable in not filing a motion for a bill of particulars. Additionally, this failure to file a motion for a bill of particulars did not result in prejudice to Woelfel. Accordingly, I believe Woelfel is not entitled to relief on this ground. The Court recommends that the District Court deny Woelfel's claim of ineffective assistance of counsel.

### C. Double Jeopardy

Woelfel argues next that a violation of his protection against double jeopardy under the Fifth Amendment occurred because the two identical third degree sexual assault charges stem from one course of sexual conduct. Woelfel asserts that he has been charged and allowed to plead guilty to two charges, one of which should have been barred by the Double Jeopardy Clause. Accordingly, Woelfel requests that the two charges be merged. Alternatively, Woelfel requests remand with instructions for a bill of particulars. Respondent argues that Iowa's statutes define sexual abuse in terms of singular sex acts

---

[10] Additional Minutes of Testimony were added on January 11, 2000. These Minutes included statements from two potential additional witnesses.

[11] *See* Officer Duggan's report in the Minutes of Testimony.

16

and singular physical contacts, and therefore Woelfel's two charges for two sex acts with SP are not barred by the Double Jeopardy Clause.

"The Double Jeopardy Clause is violated in a single proceeding only where multiple punishments are imposed for the same crime contrary to the legislature's intent." *United States v. Honarvar*, 477 F.3d 999, 1001 (8th Cir. 2007). "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S. Ct. 673, 678, 74 L. Ed. 2d 535, 542 (1983).

The Iowa Supreme Court has previously examined the state's sexual abuse statutes and has considered them in light of double jeopardy concerns. *See State v. Constable*, 505 N.W.2d 473 (Iowa 1993). According to the Iowa Supreme Court, "[t]he language of [the] definitional statute and chapter 709 [covering sexual offenses] express legislative intent that the commission of any single physical contact described in 702.17 [the definitional statute] is a sex act sufficient to complete a sexual abuse crime when other proscribed circumstances exist." *Id.* at 477-78. The Iowa Supreme Court has indicated that Iowa's sexual assault statutes should not be interpreted as "allow[ing a perpetrator] to repeatedly assault his victim and fall back on the argument his conduct constitutes but one crime." *Id.* at 478. In *Constable*, the Court found that Defendant committed five counts of sexual abuse against two victims in a "five-to-ten-minute period." *Id.* at 479.

> In the present case, Constable engaged in five distinct acts of physical contact; each contact alone met the definition of "sex act" and each contact alone would be sufficient to charge Constable with one count of sexual abuse. It follows logically that by engaging in five distinct and separate sex acts, Constable committed five counts of sexual abuse.

*Id.* at 478.

In the instant case, Woelfel was charged with two counts of sexual abuse in the third degree. One count was based on Woelfel digitally penetrating SP, and the other count was

17

based on Woelfel having SP perform oral sex on him (Transcript of Guilty Plea Proceedings at 10.) These two assaults involve separate areas of both Woelfel's and SP's body. The vaginal tearing suffered by SP could not have resulted from the assault involving her mouth and Woelfel's genitalia, but only from the assault involving her vagina and Woelfel's fingers. Because section 709.4 proscribed sexual abuse in terms of "a sex act," "[i]t follows logically that by engaging in [multiple] distinct and separate sex acts, [a defendant] committed [multiple] counts of sexual abuse." *Constable*, 505 N.W.2d at 478. In this case, Woelfel engaged in two separate sex acts within one course of sexual conduct. He forced SP to perform oral sex on his genitalia and he digitally penetrated S.P.'s vagina. Therefore, the Court finds that Woelfel's constitutional protection against double jeopardy has not been violated. Accordingly, Woelfel is not entitled to relief on this ground. The Court recommends that the District Court deny Woelfel's claim of double jeopardy.

## VI. CERTIFICATE OF APPEALABILITY

In a habeas proceeding before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may only issue if an applicant has made a substantial showing of the denial of a constitutional right. *See Miller-El*, 537 U.S. at 335-36; *Winfield*, 460 F.3d at 1040 (8th Cir. 2006); *Williams v. United States*, 452 F.3d 1009, 1014 (8th Cir. 2006); *Williams v. Bruton*, 299 F.3d 981, 982 (8th Cir. 2002); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Tiedeman*,

122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Winfield*, 460 F.3d at 1040; *Cox*, 133 F.3d at 569 (citation omitted). *See also Tennard v. Dretke* 542 U.S. 274, 276, 124 S. Ct. 2562, 159 L. Ed. 2d (2004) (reiterating standard); *Miller-El*, 537 U.S. at 335-36 (same).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [applicant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the Court finds that Woelfel failed to make the requisite "substantial showing" with respect to the claims he raised in his application pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because there is no debatable question as to the resolution of this case, an appeal is not warranted. Accordingly, the Court recommends that a certificate of appealability pursuant to 28 U.S.C. § 2253 not be granted.

## VII. CONCLUSION

In sum, Woelfel is not entitled to relief pursuant to 28 U.S.C. § 2254. The Iowa courts' adjudication of Woelfel's claims neither resulted in a decision contrary to, or involving an unreasonable application of, clearly established federal law. Woelfel was not

19

denied effective assistance of counsel, nor was he punished twice for the same crime. Accordingly, the Court recommends that Woelfel's Petition for a writ of habeas corpus be denied. The Court also recommends that a certificate of appealability be denied.

## VIII. RECOMMENDATION

For the reasons set forth above, I respectfully recommend that the District Court **DENY** Woelfel's application for a writ of habeas corpus and **DENY** a certificate of appealability.

The parties are advised, pursuant to 28 U.S.C. § 636(b)(1)(B), that within ten (10) days after being served with a copy of these proposed findings and recommendations, any party may serve and file written objections with the District Court.

DATED this 15th day of August, 2007.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA

20

Case 6:06-cv-02009-LRR   Document 32   Filed 08/15/07   Page 20 of 20