**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

JAMES R. WOELFEL,

    Petitioner,

vs.

JERRY BURT, Warden, Anamosa State Penitentiary,

    Respondent.

No. 06-CV-2009-LRR

**ORDER**

_____

## *I. INTRODUCTION*

The matter before the court is Petitioner James R. Woelfel's Objections ("Objections") (docket nos. 33 & 34) to the United States Magistrate Judge's Report and Recommendation ("Report and Recommendation") (docket no. 32). The Magistrate Judge recommends the undersigned deny Petitioner's "Petition under 28 U.S.C. [§] 2254 for [a] Writ of Habeas Corpus by a Person in State Custody" ("Petition") (docket no. 1).

## *II. RELEVANT PRIOR PROCEEDINGS*

On February 2, 2006, Petitioner filed the Petition. On July 26, 2006, Petitioner filed his brief in support of the Petition ("Petitioner's Brief") (docket no. 22). On August 4, 2006, Respondent Jerry Burt filed a response to the Petitioner's Brief ("Response") (docket no. 23). On August 28, 2006, Petitioner filed a reply (docket no. 24).

On June 28, 2007, the Magistrate Judge held a hearing on the Petition ("Hearing") (docket no. 31). On August 15, 2007, the Magistrate Judge issued the Report and Recommendation. On August 24, 2007, Petitioner filed his Objections. On August 29, 2007, Petitioner filed his "Amended Objections to the Report and Recommendations"

("Amended Objections") (docket no. 34).[1] On April 28, 2008, Petitioner filed a "Notice of Supplemental Authority" ("Notice")[2] (docket no. 39-1).[3]

## III. STANDARD OF REVIEW

When a party files a timely objection to a magistrate judge's report and recommendation, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (2005); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); *see also* Fed. R. Civ. P. 72(b)(3) (stating "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(c)(3) (stating a judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions"). The Eighth Circuit Court of Appeals has held it is reversible error for the district court to fail to engage in a de novo review of a magistrate judge's report when such review is required. *Lothridge*, 324 F.3d at 600; *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Accordingly, the court reviews the Report and Recommendation de novo.

---

[1] In the Amended Objections, Petitioner's counsel submits that, following the filing of the Objections, Petitioner wanted to submit an additional argument to the court. Petitioner's counsel "did not feel it was necessary but agreed to submit the argument in the pro se section of [the Petitioner's Brief]." Amended Objections at 1.

[2] Petitioner's counsel "does not necessarily agree" the Wisconsin case "will affect the outcome of this case," but "he does agree that the Wisconsin case provides persuasive authority." *Id.* at ¶ 2.

[3] The court has carefully reviewed and considered the pro se arguments raised in the Amended Objections and the Notice. The court is not persuaded by these arguments and finds they have no impact on the court's analysis and disposition of the Petition.

## IV. ANALYSIS

Petitioner raises four objections to the Report and Recommendation. Upon de novo review of the record in its entirety, the court shall sustain Petitioner's first objection, which objects to the standard of review discussed in section IV of the Report and Recommendation, and shall adopt section IV the Report and Recommendation as modified. The court finds the remainder of the Objections are without merit and shall overrule them. The court shall fully adopt sections I-III and V-VIII of the Report and Recommendation.

### A. APPLICABLE STANDARD OF REVIEW

Petitioner objects to the Report and Recommendation on the grounds that the Magistrate Judge applied the incorrect standard of review to the Petition. In his discussion regarding exhaustion of Petitioner's claim, the Magistrate Judge noted Petitioner "raised his double jeopardy claim as an apparent afterthought to a brief supporting a motion to withdraw by counsel," and remarked that "it seems doubtful that [Petitioner]'s claim was 'fairly presented' to the state courts." Report and Recommendation at 12. However, the Magistrate Judge found Petitioner's double jeopardy argument was not procedurally defaulted because, at the Hearing, the government "expressly waived its procedural argument." *Id.* at 12. Accordingly, the Magistrate Judge proceeded to adjudicate the merits of Petitioner's double jeopardy claim.

Because Petitioner's double jeopardy claim had not been reviewed by the state courts, Petitioner argues the Magistrate Judge should have applied the standard of review used prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), set forth at 28 U.S.C. § 2254(d).

> The [AEDPA] mandates that habeas relief "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless" the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on

> an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

*Robinson v. Crist*, 278 F.3d 862, 865 (8th Cir. 2002) (quoting 28 U.S.C. § 2254(d)). "Federal courts are 'bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions' in habeas corpus cases." *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004) (quoting *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004)). In contrast, when a petitioner's claim has not been adjudicated by the state courts, the court "likely should apply the pre-AEDPA standard of review." *Robinson*, 278 F.3d at 865. Under this more liberal standard, the court reviews a petitioner's claim de novo. *Id.*

The court recognizes the Magistrate Judge cited the AEDPA standard of review in his discussion of Petitioner's double jeopardy claim. *See* Report and Recommendation at 4-5. The court notes application of this standard of review is incorrect, and, accordingly, the court sustains the Objections to the extent they pertain to the application of the AEDPA standard of review. However, as a matter of common sense, the standard of review the Magistrate Judge actually applied to Petitioner's double jeopardy claim was a de novo standard. Because there was no state court decision to which the Magistrate Judge could defer under the AEDPA, the Magistrate Judge's review of Petitioner's claim was the first instance of judicial review of his double jeopardy claim—a de novo review. The application of the AEDPA standard of review to this issue was a legal and factual impossibility absent a state court decision to which the Magistrate Judge could defer. Accordingly, this error has no bearing on the outcome of the Magistrate Judge's determination of the merits of Petitioner's double jeopardy claim. Furthermore, after conducting its own de novo review of the Petition, the court agrees with the Magistrate Judge's conclusion that the Petitioner's double jeopardy claim is without merit. Therefore, under either the AEDPA or pre-AEDPA standard, the court finds Petitioner's claim is without merit and shall deny the claim.

## B. Prejudice Standard

Although the court shall overrule the remainder of the Objections, Petitioner's second objection merits discussion. In his second objection, Petitioner argues that the Magistrate Judge erroneously applied the "fundamental fairness" test set forth in *Lockhart v. Fretwell*, 506 U.S. 364 (1993), in determining whether Petitioner was prejudiced by his counsel's alleged unprofessional errors. Petitioner argues that, instead, the Magistrate Judge should have applied the prejudice standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

To prevail on an ineffective assistance of counsel claim, Petitioner must satisfy both of the following components:

> First, the [petitioner] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the [petitioner] by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687; *see also Williams v. Taylor*, 529 U.S. 362, 390 (2000) (restating *Strickland* standard).

Even if the court assumes without deciding that the Magistrate Judge used the incorrect legal standard in determining whether Petitioner was prejudiced by his counsel's alleged unprofessional errors, the record makes clear that the Magistrate Judge reached the correct outcome with respect to the merits of Petitioner's claim. Upon de novo review, the court finds the prejudice element of Petitioner's Sixth Amendment claim fails under the *Strickland* test. Under *Strickland*, to establish prejudice, "[i]t is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding." *Id*. at 693. Rather, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. In other words, "the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695. In answering that question, the court "must consider the totality of the evidence before the judge or jury." *Id*. After reviewing the record, the court finds that Petitioner failed to show that, absent his counsel's errors, there is a reasonable probability that the outcome of Petitioner's case would have been different. Therefore, the court finds that Petitioner has failed to satisfy the prejudice element of *Strickland*.

In conclusion, the court finds Petitioner's second objection is without merit.

## V. CONCLUSION

In light of the foregoing analysis, the court **ORDERS**:

(1) The Objections (docket no. 33) are **SUSTAINED IN PART** to the extent they relate to the application of the AEDPA standard of review and are **OVERRULED** in all other respects;

(2) The Report and Recommendation (docket no. 32) is **ADOPTED AS MODIFIED**;

(3) The Petition (docket no. 1) is **DISMISSED**; and

(4) For the reasons stated in the Report and Recommendation, the court shall not issue a certificate of appealability. Having thoroughly reviewed the record in this case, the court finds Petitioner failed to make the requisite "substantial showing" with respect to the claims raised in the Petition. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). If Petitioner desires further review of the Petition, he may request issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedman v*.

*Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997).

**IT IS SO ORDERED.**
**DATED** this 4th day of December, 2008.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA